UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EUGENE DUMAS, JR.,

    Petitioner,

v.                                      CASE NO. 6:04-cv-1068-Orl-28KRS

FLORIDA ATTORNEY GENERAL, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254. Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner then filed replies to the response (Doc. Nos. 19, 20, and 21).

Petitioner alleges fourteen claims for relief in his habeas petition. He raises thirteen claims of ineffective assistance of counsel and one claim of prosecutorial misconduct. Specifically, he argues as follows: 1) counsel was ineffective for failing to depose Officer Gonzales; 2) the prosecutor knowingly used perjured testimony at trial; 3) counsel was ineffective for failing to "have a voice analysis conducted on the audio tape"; 4) counsel was ineffective for failing to have a handwriting analysis conducted on certain documents

allegedly signed by Petitioner; 5) counsel was ineffective for failing to have a handwriting analysis conducted on "the mail box applications used in the fraudulent scheme"; 6) counsel was ineffective for failing to have a handwriting analysis conducted on "the notice of change of address forms used in the fraudulent scheme"; 7) counsel was ineffective for failing to have a handwriting analysis conducted on certain bank records; 8) counsel was ineffective for failing to locate and present evidence of bankruptcy proceedings that would have corroborated Petitioner's testimony; 9) counsel was ineffective because he interfered with Petitioner's right to testify on his own behalf; 10) counsel was ineffective for failing to have a handwriting analysis and fingerprint testing conducted on a certain check issued by David Grimm; 11) counsel was ineffective for failing to have a handwriting analysis conducted on the credit card receipts of Claire Rosner; 12) counsel failed to move for a judgment of acquittal on the racketeering counts; 13) counsel failed to move to dismiss the conspiracy to commit racketeering counts; and 14) counsel failed to file a motion to remove the prosecutor from the case.

*Procedural History*

Petitioner and another individual were charged in a twenty-five count amended information with the commission of various crimes. Petitioner was charged in counts one through twenty and counts twenty-two through twenty-five. A jury trial was held, and, after the State rested, Petitioner moved for a judgment of acquittal. Following arguments, the trial court dismissed count fifteen, and the parties stipulated to the dismissal of count seventeen. The trial court denied the motion as to all other counts. The jury subsequently

found Petitioner guilty as to the remaining counts. The trial court adjudicated Petitioner guilty of the crimes[1] and sentenced him to imprisonment for consecutive fifteen year terms as to counts one and two, for a concurrent fifteen year term as to count twenty-five, and for concurrent terms of five years as to the remaining counts. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

*Claims Two, Three, and Nine*

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[2] or (2) are not exhausted but would clearly be barred if returned to state court.[3] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be

---

[1] The crimes included one count of racketeering (count 1), one count of conspiracy to commit racketeering (count 2), nineteen counts of fraudulent use of identification (counts 3-14 and 16-24), and one count of organized fraud (count 25).

[2] *Harris v. Reed*, 489 U.S. 255, 261 (1989).

[3] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[4]

Claim two is procedurally barred because the trial court so determined in its order denying Petitioner's motion for postconviction relief, and the state appellate court affirmed *per curiam*.[5] The denial on procedural bar grounds was a correct application of Florida law.

Claims three and nine were not raised in the appeal of the denial of Petitioner's motion for postconviction relief.[6] The failure to appeal claims three and nine results in a procedural default of those claims. *E.g., Hankins v. Delo*, 977 F.2d 396 (8th Cir. 1992) (the petitioner, who had his postconviction motion denied by the state trial court after an evidentiary hearing, was barred from raising issues in his federal habeas petition which were not asserted on the appeal from the denial of his postconviction motion); *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but an appeal of its denial).

There are two exceptions to the procedural default bar. The first is the "cause and

---

[4] Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[5] A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

[6] Claims three and nine were mentioned in the appeal, but Petitioner specifically conceded that the he was not entitled to relief with regard to those claims.

4

prejudice" exception;[7] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim two, three, and nine are procedurally barred.

*Claims One, Four through Eight, and Ten through Fourteen*

1. *Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

---

[7]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

the State court proceeding.

Consequently, if a claim was adjudicated on the merits in the state court, this Court may grant habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"[8] or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Thus, this Court must consider four elements: (a) the governing legal principle relied upon by the state court; (b) whether the state court's decision was contrary to governing United States Supreme Court precedent; (c) whether the state court unreasonably applied the governing United States Supreme Court precedent; and (d) whether the state court made a unreasonable determination of the facts. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see*

---

[8]In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

> As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

*also* 28 U.S.C. § 2254(d).

2.  *Governing Principle*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

3.  *Discussion*

Claims one, four through eight, and ten through fourteen were raised in Petitioner's motion for postconviction relief, and the trial court denied them on the merits. The state appellate court affirmed the denial. The Court finds that these claims must be denied under section 2254(d).

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state court's decision was not "contrary to" the governing legal authority.[9] The state court, which correctly identified *Strickland* as the controlling legal authority on claims of

---

[9] The Court notes that a state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

ineffective assistance of counsel, did not reach an opposite conclusion from the United States Supreme Court on a question of law. Additionally, Petitioner has not cited to any decision of the United States Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent.

Furthermore, the Court is unable to say that the trial court's application of *Strickland's* attorney performance standard was objectively unreasonable. As noted in *Bell*, "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. This Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law. Relief is only warranted if the application was unreasonable. *Id.* Under this demanding standard, the state court's determination that Petitioner did not show either deficient performance by his counsel or prejudice was reasonable.

In particular, Petitioner avers in claim one that counsel failed to depose Officer Gonzalez who allegedly perjured himself during trial. However, Petitioner offers nothing more than this bare assertion; he fails to describe the perjured testimony or to indicate how he was prejudiced. Petitioner's bald assertion are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995). Therefore, Petitioner has failed to satisfy either prong of the *Strickland* test.

Petitioner contends in claims four, five, six, seven, ten, and eleven that counsel was ineffective for failing to procure a handwriting analysis expert to refute numerous

8

documents offered against him at trial. However, even if counsel had obtained a handwriting expert, the State presented overwhelming evidence that linked Petitioner to the crimes, including several witnesses who connected Petitioner to the crimes. Further, Petitioner himself testified at trial that he did not sign any of the documents. Clearly, Petitioner has not shown prejudice with regard to claims four, five, six, seven, ten, and eleven.

Petitioner argues in claim eight that his counsel failed to present evidence of bankruptcy proceedings that would have corroborated Petitioner's testimony that he had been the victim of identify theft and would have refuted the State's evidence that he had fraudulently obtained $200,000. However, Petitioner has not specified how the bankruptcy proceedings would have provided a defense to the charges. Moreover, the State offered little evidence on how the proceeds of the criminal enterprise were used or where those proceeds went. In light of the evidence presented by the State showing that Petitioner committed the crimes, there has been no showing of prejudice with regard to claim eight.

Petitioner states in claim twelve that counsel failed to move for a judgment of acquittal on the racketeering counts. This claim is without merit because counsel moved for a judgment of acquittal on all of the charged counts, arguing that the State failed to poove Petitioner's personal involvement in any of the alleged offenses. Additionally, the State presented evidence demonstrating that a criminal enterprise and conspiracy existed. Thus, Petitioner has not satisfied either prong of the *Strickland* test.

Petitioner avers in claim thirteen that counsel failed to file a motion to dismiss the

conspiracy to commit racketeering counts. He argues that the predicates for racketeering and conspiracy to commit are the same; thus, if counsel had filed a motion to dismiss, the conspiracy charge would have been dismissed. However, under Florida law, conspiracy to commit racketeering and racketeering are two separate crimes that contain separate elements. Accordingly, claim thirteen is without merit.

In claim fourteen, Petitioner maintains that counsel should have filed a motion to remove the prosecutor from the case because the prosecutor alleged that Petitioner had applied for and obtained a driver's license in his (the prosecutor's) name. This claim is without merit because the prosecutor was not a witness in the case and was not listed as a victim in any of the counts in this case. There was no authority supporting a request to remove the prosecutor from the case.

The Court finds that, with regard to each claim identified, trial counsel's conduct was reasonable and/or that Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*.

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.[10] "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable

---

[10]"The special prophylaxis of section 2254(d)(2) applies only to determinations of basic, primary, or historical facts. Inferences, characterizations of the facts, and mixed fact/law conclusions are more appropriately analyzed under the "unreasonable application" prong of section 2254(d)(1)." *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002) (citation omitted) (quotation omitted).

determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct." *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1054 (2002); *Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000) (stating that in order for a federal district court to conclude that a state court's factual determination was unreasonable under § 2254(d)(2), the federal court must be "left with a 'firm conviction' that the determination made by the state court was wrong and that the one [the petitioner] urges was correct"); *see also* 28 U.S.C. § 2254(e)(1).

Here, nothing in the record (or in Petitioner's submissions) suggests that the trial court's factual findings were unreasonable. Further, Petitioner has failed to rebut the presumption of correctness accorded the trial court's factual findings. Because he has not denigrated the trial court's factual findings, the Court cannot conclude that the trial court's decision was based on an unreasonable determination of the facts. Based on the foregoing, it is clear that claims one, four through eight, and ten through fourteen must be denied under section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Eugene Dumas, Jr. is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

    2.    The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 25 day of May, 2005.

                        JOHN ANTOON II
                        UNITED STATES DISTRICT JUDGE

Copies to:
pslc 5/17
Counsel of Record
Eugene Dumas, Jr.